1289. CONSIGNEES' FAVORITE BOX COMPANY *v.* SPEER.

This was a claim case involving the title to a number of articles levied on under an attachment and under a lien foreclosure in favor of the same plaintiff. The jury found all the property subject. Some of the property was clearly not subject. As to the other articles the charge of the court did not fairly present the issues.

Levy and claim, from city court of Dalton—Judge Longley. June 9, 1908.

Submitted October 29,—Decided November 10, 1908.

*M. C. Tarver, George G. Glenn,* for plaintiff in error.

*William E. Mann,* contra.

POWELL, J. As to the property contained in the bill of sale, the claimant's title accrued prior to the foreclosure of the lien. So far as the evidence shows, the claimant purchased in good faith and without notice. We find nothing in the record suggesting fraud; no single suspicious circumstance or badge of fraud is pointed out in the brief of counsel; and the submission of that issue to the jury seems to have been error. The verdict finding so much of the property as was included in the bill of sale subject is, therefore, clearly without evidence to support it.

The fact that the defendant in fi. fa. had bought timber from a third person who retained the title until it was paid for, and that the claimant had paid the purchase-price, did not put the title either of the timber or of the lumber sawed therefrom into the claimant. If there was an additional agreement that the defendant should cut the lumber and stack it, and that it should be the property of the claimant when stacked, and that the value thereof should be credited on the amount of advances of the claimant to the defendant, the cutting and the stacking of the lumber would amount to delivery to the claimant, so as to put title in it, if it was the intention of the parties that actual delivery should be dispensed with and this constructive delivery substituted. The claimant's testimony as to this feature of the case was not as clear and definite as it was in the *Meers* case, ante, 155 (62 S. E. 1000); but the issue as to this should have been submitted to the jury. There was no error in refusing to compel the plaintiff to elect between his attachment and his lien. These are not inconsistent

remedies. Especially is this true, as it appears from an inspection of the account attached to the plaintiff's pleading that many of the items are not such as to constitute a lawful basis for a lien under section 2809 of the Civil Code, but are such as to be the basis for an attachment.   *Judgment reversed.*